UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

RICHARD E. DEHNER,
    Petitioner,

vs.

WARDEN, CHILLICOTHE
CORRECTIONAL INSTITUTION,
    Respondent.

Case No. 1:16-cv-342

Dlott, J.
Litkovitz, M.J.

**REPORT AND
RECOMMENDATION**

Petitioner, an inmate in state custody at the Chillicothe Correctional Institution in Chillicothe, Ohio, has filed a pro se petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. (Doc. 5). This matter is before the Court on respondent's motion to dismiss (Doc. 12). Also before the Court is petitioner's motion to stay this matter, which respondent opposes. (*See* Doc. 6, 13). For the reasons that follow, the motion to dismiss should be granted and the motion to stay should be denied.

### I. PROCEDURAL HISTORY

#### State Trial Proceedings and Direct Appeal

On November 23, 2011, the Clermont County, Ohio, grand jury returned an eight-count indictment charging petitioner with seven counts of rape and one count of gross sexual imposition. (*See* Doc. 11, Ex. 1). Following a jury trial, petitioner was convicted of all but one count of rape. (*See* Doc. 5-1, Ex. B at PageID 77). On November 30, 2012, petitioner received a total aggregate prison sentence of forty-five years in the Ohio Department of Corrections. (*Id.* at PageID 78).

On December 28, 2012, petitioner, through counsel, filed a timely notice of appeal. (*See*

Doc. 11, Ex. 2). Petitioner raised the following four assignments of error:

1. The trial court erred in entering a finding of guilty on the jury's verdict because such verdict was against the manifest weight of evidence.

2. The trial court erred in sentencing Appellant to consecutive prison terms.

3. The trial court abused its discretion in sentencing Appellant to seven-year terms of imprisonment.

4. The trial court erred in imposing a fine upon Appellant.

*See State v. Dehmner*, Case No. CA2012-12-090, 2013 WL 4470810, at *3, 5, 9 (Ohio Ct. App. Aug. 19, 2013). On August 19, 2013, the Ohio appeals court overruled petitioner's assignments of error and affirmed the judgment of the trial court. (*Id.* at *9).

## Delayed Appeal

On November 14, 2014, petitioner filed a notice of appeal and delayed appeal motion to the Ohio Supreme Court. (Doc. 11, Ex. 3, 4). On December 24, 2014, the Ohio Supreme Court denied petitioner's motion. (Doc. 11, Ex. 5).

## State Habeas Corpus Petition

Petitioner filed a pro se petition for a writ of habeas corpus pursuant to Ohio Rev. Code § 2725 on July 30, 2015. (Doc. 11, Ex. 6). The state court denied the petition on March 28, 2016. (Doc. 11, Ex. 10).

Petitioner appealed to the Ohio Court of Appeals on April 18, 2016. (Doc. 11, Ex. 12). On May 2, 2016, the Ohio appeals court denied the appeal as being improperly filed, finding that the notice of appeal was "fatally defective because he failed to comply with R.C. 2969.25," which required him to submit a prison account statement. (Doc. 11, Ex. 13). Petitioner filed a motion for reconsideration, which was denied on June 16, 2016. (Doc. 11, Ex. 14).

2

## Federal Habeas Corpus

On February 24, 2016, petitioner commenced the instant federal habeas corpus action. (*See* Doc. 5 at PageID 61). Petitioner raises the following two grounds for relief in the petition:

1. The Ohio Trial and Appellate Courts erred in entering and affirming a Finding of Guilty on the Jury's Verdicts because such Verdicts were against the Manifest Weight of the Evidence; and presents a Federal constitutional Question of Due Process as the Ohio State Court permitted Petitioner to be convicted without proving all the necessary elements of the alleged offenses. See Jackson V. Virginia, 443 U.S. 307 (1979); Tucker V. Palmer, 541 F. 3d 652 (6th Cir., 2008).

2. The Ohio State Courts erred in Sentencing Petitioner to Consecutive Prison Terms and abused their discretion in Sentencing Petitioner to Seven Year Terms and imposing a fine; and denied him effective assistance of both trial and appellate counsel. See O.R.C. Section 2929.14(C); Blakely V. Washington, 542 U.S. 296 (2004); Apprendi V. New Jersey, 530 U.S. 466 (2000); Oregon V. Ice, 555 U.S. 160 (2009).

(Doc. 5 at PageID 68, 70). On March 24, 2016, petitioner also filed a motion to stay this action while he seeks review in the Ohio courts. (Doc. 6). Specifically, petitioner indicated in the motion that his state court habeas corpus petition was pending at that time and he requests that the Court order a stay, if necessary, while he seeks relief on any claims found to be unexhausted.

Respondent has filed a motion to dismiss the petition on statute of limitations grounds and a response in opposition to the motion to stay. (Doc. 12, 13). Respondent argues that the motion to stay should be denied without prejudice to refiling after the Court rules on the motion to dismiss.

## II. RESPONDENT'S MOTION TO DISMISS SHOULD BE GRANTED

Under 28 U.S.C. § 2244(d)(1), as amended by § 101 of the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), Pub. L. No. 104-132, 110 Stat. 1214, a person in custody

pursuant to the judgment of a state court must file an application for a writ of habeas corpus within one year from the latest of:

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1). Under 28 U.S.C. § 2244(d)(2), the limitations period is tolled during the pendency of a properly filed application for state post-conviction relief or other collateral review.

There is no evidence in the record in this case to suggest that the provisions set forth in §§ 2244(d)(1)(B) through (D) apply to petitioner's grounds for relief. Petitioner has not alleged that a State created impediment prevented him from filing the instant petition or that his claims are governed by a newly recognized constitutional right made retroactively applicable to his case. Furthermore, petitioner's grounds for habeas relief are based on alleged errors that occurred during trial or on direct appeal. Since petitioner was aware of the facts underlying his claims by the close of the direct review, his grounds for relief are governed by the one-year statute of limitations set forth in 28 U.S.C. § 2244(d)(1)(A), which began to run when petitioner's conviction became final "by the conclusion of direct review or the expiration for the time for seeking such review."

Under § 2244(d)(1)(A), petitioner's conviction became final on October 3, 2013, upon the

4

expiration of the 45-day period for filing an appeal as of right from the court of appeals' August 19, 2013 judgment entry. *See* Ohio Sup. Ct. Prac. R. 7.01(A)(1)(a)(1). The statute commenced running on October 4, 2013, the next business day after petitioner's conviction became final, *see* Fed. R. Civ. P. 6(a); *Bronaugh v. Ohio,* 235 F.3d 280, 285 (6th Cir. 2000), and expired one year later on October 4, 2014, absent the application of statutory or equitable tolling principles.

Petitioner argues that his conviction did not become final until March 24, 2015, ninety days after the Ohio Supreme Court denied him leave to file a delayed appeal, during which petitioner claims he could have requested a writ of certiorari from the United States Supreme Court. (Doc. 5 at PageID 63; Doc. 17 at PageID 346–47). However, petitioner's unsuccessful motion filed on November 14, 2014 for leave to file a delayed appeal to the Ohio Supreme Court from the Ohio Court of Appeals' direct appeal decision does not affect the finality determination under 28 U.S.C. § 2244(d)(1)(A) or otherwise serve to restart the running of the clock. *See, e.g., Keeling v. Warden, Lebanon Corr. Inst.,* 673 F.3d 452, 459-60 (6th Cir. 2012) (rejecting the petitioner's argument that his conviction did not become final under § 2244(d)(1)(A) until after his motion for delayed appeal was denied by the Ohio Supreme Court);[1] *Quillen v. Warden, Marion Corr. Inst.,* No. 1:12cv160, 2013 WL 1315089, at *5 (S.D. Ohio Mar. 29, 2013) (Barrett, J.) (and numerous cases cited therein) (holding that the magistrate judge "correctly found" that the

---

[1] In *Keeling,* 673 F.3d at 459, the Sixth Circuit recognized the Supreme Court's "narrow" holding in *Jimenez v. Quaterman,* 555 U.S. 113 (2009), that the *granting* of a delayed appeal within the one-year limitations period renders a conviction non-final for statute of limitations purposes because the ruling restores the pendency of the direct appeal. However, the Sixth Circuit went on to point out that the Supreme Court later made it clear in *Gonzalez v. Thaler,* U.S. _, 132 S.Ct. 641 (2012), that in contrast to the unique circumstances presented in *Jimenez,* a judgment typically becomes "final" under § 2244(d)(1)(A) when either (1) the Supreme Court affirms a conviction or denies a petition for certiorari filed by a petitioner who pursues direct review "all the way up" to the Supreme Court, or (2) "[f]or all other petitioners, . . . the time for pursuing direct review . . . in state court[] expires." *Keeling,* 673 F.3d at 459-60 (quoting *Gonzalez,* 132 S.Ct. at 653-45).

5

petitioner's motions for delayed appeal to the Ohio Court of Appeals and Ohio Supreme Court "did not restart the running of the statute of limitations under § 2244(d)(1)(A)"); *Pierce v. Warden, Ross Cnty. Corr. Inst.*, No. 3:10cv132, 2012 WL 5511220, at *13 (S.D. Ohio Nov. 14, 2012) (Report & Recommendation) (citing *Keeling* in support of holding that because the Ohio Court of Appeals "never re-opened" the petitioner's "direct appeal—i.e., it denied his motion for delayed appeal," the proceedings held on the delayed appeal motion did not factor into the § 2244(d)(1)(A) finality determination), *adopted*, 2013 WL 811568 (S.D. Ohio Mar. 5, 2013).

During the one-year limitations period, petitioner was entitled to tolling of the statute under 28 U.S.C. § 2244(d)(2) based on any pending "properly filed" applications for state post-conviction relief or other collateral review. *See* 28 U.S.C. § 2244(d)(2); *see also Holland v. Florida*, 560 U.S. 631, 635 (2010); *Allen v. Siebert*, 552 U.S. 3, 4 (2007) (per curiam); *Vroman v. Brigano*, 346 F.3d 598, 602 (6th Cir. 2003). "The tolling provision does not, however, 'revive' the limitations period (i.e., restart the clock at zero); it can only serve to pause a clock that has not yet fully run." *Vroman*, 346 F.3d at 602 (quoting *Rashid v. Khulmann*, 991 F. Supp. 254, 259 (S.D.N.Y. 1998)). Once the limitations period is expired, state collateral review proceedings can no longer serve to avoid the statute-of-limitations bar. *Id.*

It is well-settled that a state application for post-conviction relief is "properly filed" within the meaning of § 2244(d)(2) "when its delivery and acceptance are in compliance with the applicable laws and rules governing filings," such as those prescribing the time limits for filing. *Artuz v. Bennett*, 531 U.S. 4, 8 (2000). State post-conviction or collateral review applications rejected by the state courts on timeliness grounds are not "properly filed" and, therefore, are not

subject to statutory tolling under § 2244(d)(2). *See Allen,* 552 U.S. at 5-6; *see also Pace v. DiGuglielmo,* 544 U.S. 408, 413-14 (2005); *Vroman,* 346 F.3d at 603.

No statutory tolling applies under Section 2244(d)(2) to extend the limitations period in this case. The statute of limitations had run for 406 days before petitioner filed his November 14, 2014 delayed appeal motion to the Ohio Supreme Court. Because petitioner's motion for a delayed appeal and subsequent post-conviction motions were all filed after the one-year statute of limitations had already expired statutory tolling does not serve to extend the limitations period. *Vroman,* 346 F.3d at 602.

The AEDPA's statute of limitations is subject to equitable tolling, *see Holland*, 130 S.Ct. at 2560, "when a litigant's failure to meet a legally-mandated deadline unavoidably arose from circumstances beyond the litigant's control." *Hall v. Warden, Lebanon Corr. Inst.,* 662 F.3d 745, 749 (6th Cir. 2011) (quoting *Robertson v. Simpson*, 624 F.3d 781, 783 (6th Cir. 2010)). Equitable tolling is granted "sparingly." *Id.* (quoting *Robertson*, 624 F.3d at 784). A habeas petitioner is entitled to equitable tolling only if he establishes that (1) "he has been pursuing his rights diligently;" and (2) "some extraordinary circumstance stood in his way and prevented timely filing." *Id.* (quoting *Holland*, 130 S.Ct. at 2562 (internal quotations omitted)); *see also Pace,* 544 U.S. at 418. Although the Sixth Circuit previously utilized a five-factor approach in determining whether a habeas petitioner is entitled to equitable tolling, *Holland*'s two-part test has replaced the five-factor inquiry as the "governing framework" to apply. *Hall,* 662 F.3d at 750 (citing *Robinson v. Easterling,* 424 F. App'x 439, 442 n.1 (6th Cir. 2011)). "With *Holland* now on the books, the 'extraordinary circumstances' test, which requires both reasonable diligence and an extraordinary circumstance, has become the law of this circuit." *Id.*; *see also Patterson v. Lafler,*

7

455 F. App'x 606, 609 n.1 (6th Cir. 2012).

Petitioner has not demonstrated that he is entitled to equitable tolling in this case. Petitioner first contends that he is entitled to equitable tolling based on his pro se status. (Doc. 17 at PageID 344-45). However, it is well-settled in the Sixth Circuit that petitioner's pro se status, lack of legal knowledge, or lack of access to legal materials are not sufficient to warrant equitable tolling. *See, e.g., Hall,* 662 F.3d at 750-51 (rejecting the petitioner's argument that he was entitled to equitable tolling because of his lack of access to the trial transcript, as well as his *pro se* status and limited law-library access); *Allen v. Yukins,* 366 F.3d 396, 403 (6th Cir. 2004) (quoting *Rose v. Dole,* 945 F.2d 1331, 1335 (6th Cir. 1991)) ("this court has repeatedly held that 'ignorance of the law alone is not sufficient to warrant equitable tolling'"); *Cobas v. Burgess,* 306 F.3d 441, 444 (6th Cir. 2002) ("an inmate's lack of legal training, his poor education, or even his illiteracy does not give a court reason to toll the statute of limitations"); *Lacking v. Jenkins,* No. 2:15cv3069, 2016 WL 4505765, at *4 (S.D. Ohio Aug. 29, 2016) (Report & Recommendation) ("A prisoner's *pro se* incarcerated status, lack of knowledge regarding the law, and limited access to the prison's law library or to legal materials do not provide a sufficient justification to apply equitable tolling of the statute of limitations."), *adopted,* 2016 WL 6125683 (S.D. Ohio Oct. 19, 2016), *appeal filed,* No. 16-4291 (6th Cir. Nov. 10, 2016); *Boyd v. Tibbals,* No. 2:13cv611, 2014 WL 1400978, at *3 (S.D. Ohio Apr. 10, 2014) (Report & Recommendation) (and numerous cases cited therein) ("A prisoner's *pro se* incarcerated status, lack of knowledge regarding the law, and limited access to the prisons' law library or to legal materials together or alone do not provide a sufficient justification to apply equitable tolling of the statute of limitations."), *adopted,* 2014 WL 2931475 (S.D. Ohio June 30, 2014).

8

Petitioner also claims that he is entitled to equitable tolling due to the ineffective assistance of appellate counsel. In response to the motion to dismiss, petitioner contends that his appellate counsel failed to timely notify him of the Court of Appeals' August 19, 2013 denial of his direct appeal. (Doc. 17, at PageID 348). In the petition, he further claims that he believed that the Ohio Public Defender's Office was perfecting his appeal to the Ohio Supreme Court and that "[o]nce he determined that he was being abandoned, his time to file had expired." (Doc. 5, at PageID 67).

Petitioner does not indicate when his attorney provided him with notice of the denial of his delayed appeal or when and how he learned that the Ohio Public Defender's Office was not preparing his appeal to the state supreme court in the petition. However, in his motion for leave to file a delayed appeal to the Ohio Supreme Court, petitioner indicated that he "did not receive notice or any information about the court of appeals dated August 19, 2013, until almost one month later." (Doc. 11, Ex. 4 at PageID 132). Petitioner attached to the motion a September 11, 2013 letter from his appellate counsel, informing petitioner of the Court of Appeals' decision and that his appellate attorney's "office will not handle the appeal any farther, but should you wish to try to get to the Ohio Supreme Court please contact the Ohio Public Defender's Office." (*Id.* at PageID 153). According to petitioner, "[i]n writing the Public Defender's Office; he assumed they would simply perfect his appeal. This was not the case and by the time he understood this; his time had expired for filing with the Ohio Supreme Court." (*Id.* at PageID 132).

Petitioner has not demonstrated he is entitled to equitable tolling based on the ineffective assistance of appellate counsel. First, petitioner failed to diligently pursue his rights by simply assuming that the Ohio Public Defender's Office would perfect his appeal for him. Petitioner

9

does not provide any correspondence or other information that would permit the Court to conclude that such an assumption was warranted. Although he claims that he wrote his counsel to inquire about the appeal and "once he determined that they failed to file" he filed a delayed appeal to the Ohio Supreme Court (Doc. 17, at PageID 347), petitioner did not file his motion for a delayed appeal until November 14, 2014, fourteen months after he was informed that his direct appeal was denied. Such a delay demonstrates a lack of diligence.

The Court likewise finds the one month delay in being notified of the denial of his direct appeal does not constitute an extraordinary circumstance that prevented him from filing a timely habeas corpus petition. Petitioner was informed of the appellate decision prior to the expiration of the 45-day period for filing a timely appeal to the Ohio Supreme Court. In any event, the Sixth Circuit has indicated that the relevant inquiry in determining whether equitable tolling applies is whether petitioner was diligent in pursuing federal habeas relief. In this case, petitioner waited 874 days to file his habeas petition after his conviction and sentence became final. Accordingly, petitioner has not demonstrated that he was diligent in pursuing his federal rights. *Vroman v. Brigano*, 346 F.3d 598, 605 (6th Cir. 2003) (finding that petitioner's decision to proceed solely in state court "rather than filing his federal habeas petition and protecting his federal constitutional rights, demonstrates a lack of diligence").

Accordingly, in sum, the undersigned concludes that petitioner's federal habeas corpus petition is time-barred. Therefore, respondent's motion to dismiss (Doc. 12) should be **GRANTED** and the instant habeas corpus petition (Doc. 5), filed long after the statute of limitations had run its course, should be **DISMISSED** with prejudice.

Having determined that the petition is subject to dismissal for being time-barred,

petitioner's motion for stay and abeyance (Doc. 6) should also be **DENIED.**

## IT IS THEREFORE RECOMMENDED THAT:

1. Respondent's motion to dismiss (Doc. 12) be **GRANTED**, the petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 (Doc. 5) be **DISMISSED** with prejudice on the ground that the petition is time-barred under 28 U.S.C. § 2244(d), and petitioner's motion for stay and abeyance (Doc. 6) be **DENIED.**

2. A certificate of appealability should not issue with respect to any of the claims for relief alleged in the petition, which this Court has concluded are barred from review on a procedural ground, because under the first prong of the applicable two-part standard enunciated in *Slack v. McDaniel*, 529 U.S. 473, 484-85 (2000), "jurists of reason" would not find it debatable whether the Court is correct in its procedural ruling.[2]

3. With respect to any application by petitioner to proceed on appeal *in forma pauperis,* the Court should certify pursuant to 28 U.S.C. § 1915(a)(3) that an appeal of any Order adopting this Report and Recommendation would not be taken in "good faith," and therefore **DENY** petitioner leave to appeal *in forma pauperis* upon a showing of financial necessity. *See* Fed. R. App. P. 24(a); *Kincade v. Sparkman*, 117 F.3d 949, 952 (6th Cir. 1997).

Date: 2/14/17

Karen L. Litkovitz
United States Magistrate Judge

---

[2] Because the first prong of the *Slack* test has not been met, the Court need not address the second prong of *Slack* as to whether "jurists of reason" would find it debatable whether petitioner has stated a viable constitutional claim in his time-barred grounds for relief. *See Slack,* 529 U.S. at 484.

11

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

RICHARD E. DEHNER,
    Petitioner,

vs.

WARDEN, CHILLICOTHE
CORRECTIONAL INSTITUTION,
    Respondent.

Case No. 1:16-cv-342

Dlott, J.
Litkovitz, M.J.

## NOTICE

Pursuant to Fed. R. Civ. P. 72(b), **WITHIN 14 DAYS** after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations. This period may be extended further by the Court on timely motion for an extension. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendation is based in whole or in part upon matters occurring on the record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon, or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections **WITHIN 14 DAYS** after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).